THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENTS, *v.* HENRY H.' NORTON, APPELLANT.

*. Appeal — none lies to a Court of Sessions from a judgment of the Special Sessions charging a prosecutor with costs — Code of Criminal Procedure, secs. 719, 720, 749 — Code of Civil Procedure, secs. 3044, 3045.*

A judgment of a Court of Special Sessions charging the costs of a criminal prosecution upon the prosecutor, as provided in sections 719 and 720 of the Code of Criminal Procedure, is not a "judgment upon conviction," within the meaning of those words as used in section 749 of the said Code, and cannot be reviewed by an appeal to the Court of Sessions.

*Quære*, as to whether such a judgment could be taken to the County Court for ,review under sections 3044 and 3045 of the Code of Civil Procedure.

APPEAL from an order of the Court of Sessions of Livingston county, dismissing an appeal from a judgment of a Court of Special Sessions held in said county, charging the appellant with the costs of a criminal prosecution in the last mentioned court, in which said appellant was the prosecutor.

*H. D. Tucker*, for the appellant.

*John R. Strang*, district attorney, for the respondents.

SMITH, P. J.:

The judgment of the Court of Special Sessions was rendered under sections 719 and '720 of the Code of Criminal Procedure, and the only question is whether an appeal will lie from' such judgment to the Court of Sessions. If the right of appeal exists in this case, it must be found in section 749 of said Code, which provides that

"a judgment upon conviction, rendered by a Court of Special Sessions, may be reviewed by the Court of Sessions of the county, upon an appeal, as prescribed by this title, and not otherwise." Is the judgment of the Special Sessions in this case a judgment "upon conviction," within the meaning of section 749? We think not.

A "judgment upon a conviction," as the words are used in the Code of Criminial Procedure, can only be rendered against a person charged with the commission of a criminal offense, or the defendant in a criminal prosecution. In that sense they are used repeatedly in the Code. It is absurd to say that the prosecutor in a criminal proceeding when charged with the costs of the prosecution, by reason of having instituted it without probable cause, or even maliciously, is convicted of a crime. We think it clear that an appeal from a judgment of that nature does not lie to the Court of Sessions.

Whether it can be taken to the County Court, under sections 3044 and 3045 of the Code of Civil Procedure, as suggested by the respondent's counsel, is a question not before us and upon which we express no opinion. It may well be that the legislature intended to provide no appeal from judgments of this nature, as they do not involve the merits of the prosecution, and the amount of costs chargeable upon a prosecutor in a Court of Special Sessions can never be large.

The order appealed from should be affirmed, but as the question is new, without costs.

BARKER, HAIGHT and BRADLEY, JJ., concurred.

So ordered.